GEORGE RAFFIA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF ENFIELD ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued February 6—decided March 12, 1964

*Paul M. Palten*, with whom, on the brief, was *Charles Alfano*, for the appellants (plaintiffs).

*Philip E. Tatoian*, with whom was *Patrick J. Flaherty*, for the appellee (defendant Skomro); with him also was *Anthony C. Ward* for the appellee (named defendant).

ALCORN, J. Zoning and planning in Enfield is governed by a special act of the General Assembly. 30 Spec. Laws 186, No. 244. Section 1 of that act creates a zoning and planning commission which is authorized to exercise general zoning and planning powers within the town. Section 2 empowers the commission, inter alia, to divide the town into districts and regulate the use of land within the districts. Section 15 creates a board of appeals which is empowered by § 16 (1) "[t]o hear and decide appeals from the doings of the zoning and planning commission where it is alleged that there is an error in any order, requirement or decision made by the zoning and planning commission." Sec-

tion 18 permits an appeal from a decision of the board of appeals to the court. Thus, the special act does not follow the procedure permitted by §§ 8-9 and 8-10 of the General Statutes, which allows direct appeals to the court from decisions of the zoning commission. Unfortunately, the act appears to ignore the prior commendable legislative policy of effectuating uniformity and clarity amidst the confused pattern of general and special zoning legislation in Connecticut. *Sullivan* v. *Town Council,* 143 Conn. 280, 286, 121 A.2d 630. For an instance of litigation which such special legislation can produce, see *Burke* v. *Board of Representatives,* 148 Conn. 33, 166 A.2d 849.

Katarzyna Skomro, owner of a tract of land containing about twenty-six acres, applied to the zoning and planning commission to have the zoning restrictions applicable to her land changed from residence B to business A. Retail business is permitted in a business A zone. The commission, following a hearing, granted the application. The plaintiffs, claiming to be aggrieved, appealed from the decision of the commission to the board of appeals as § 17 of the special act permitted them to do. 30 Spec. Laws 195, § 17. The board of appeals, following a public hearing, denied the appeal and sustained the action of the commission. The plaintiffs appealed from the decision of the board of appeals to the Court of Common Pleas, which rendered judgment dismissing the appeal, and the plaintiffs now appeal from that judgment.

The only assignment of error properly raised is the claim that the court erred in failing to conclude that the board of appeals had acted arbitrarily, unreasonably or illegally. The plaintiffs base this claim on the grounds that the change of zone

amounted to spot zoning, that it would increase the traffic hazards, and that one of the reasons for the board's action was that the plaintiffs' land does not abut the Skomro land. The issue whether the plaintiffs are abutters is of no significance in view of the fact that they are conceded to be aggrieved parties. The claim that the change of zone amounted to spot zoning is a general one unsupported by any reason other than that a change of zone must be in accordance with a comprehensive plan. No express comprehensive zoning plan has been formally adopted in Enfield. The plan, therefore, must be found in the scheme of the zoning regulations themselves. *Corsino* v. *Grover,* 148 Conn. 299, 313, 170 A.2d 267. Section 2 of the special act authorizes the commission to make regulations "in accordance with . . . [the] comprehensive plan in the light of the diverse character of the town . . . not only with reasonable consideration for the character of the community but also with reasonable consideration as to the character of any particular district within the town and its peculiar suitability for particular uses." The land involved, in addition to embracing some twenty-six acres, is triangular in shape and bounded on all sides by streets. Most of the land on the other side of all three streets is zoned residence B. Across the street on the southerly apex of the triangle are two small business A zones, and 700 feet further south is a fourteen-acre industrial zone. Eighteen hundred feet north of the triangle is another business zone. A planning expert who appeared for the applicant at the hearing before the board of appeals, but not before the commission, stated that the neighborhood had a potential capacity for a population of 22,700 people and that long-range planning for a full development

of all residential land in the area made it desirable to change the Skomro property restriction now to what would be a desirable use for the future. He stated further that the highest and best use of the Skomro property is for commercial and semipublic purposes. A traffic expert who appeared for the applicant at the hearing before the board of appeals, but not before the commission, stated that, on an analysis and study made after the commission hearing, the proposed zoning change would in no way imperil the safety of the public. The plaintiffs offered no evidence to contradict these experts, preferring, apparently, to rely on cross-examination and some general statements in opposition. The plaintiffs, on the record before us, fail to show how the zone change constitutes spot zoning or how it violates the comprehensive plan found in the zoning regulations.

The claim that the change of zone would increase the traffic hazards is again a general complaint without specific factual support. The testimony of the applicant's traffic expert has already been alluded to. In addition to his opinion that the safety of the public would not be imperiled by the change of zone, he stated that the traffic volume in the area is "somewhat less than modest" and that the accident rate is low, and he suggested only the widening of the turning angle at two corners of the triangle. Here again the plaintiffs produced no countervailing evidence. They make the general claim that a business use will produce a greater volume of traffic than a residence use. The special act concerns itself with congestion in the streets rather than the volume of traffic. *Pecora* v. *Zoning Commission,* 145 Conn. 435, 440, 144 A.2d 48; see cases such as *Brustein* v. *Zoning Commission,* 151 Conn. 101, 105,

193 A.2d 523, and cases cited. Section 2 of the act requires that the zoning regulations "facilitate adequate provision for transportation" and "reduce or avoid congestion in the streets." The record is barren of evidence that the proposed change overlooked an adequate provision for transportation or would result in congestion in the streets surrounding the property. The burden of showing that the board acted improperly was on the plaintiffs. *Neilson* v. *Zoning Commission,* 149 Conn. 410, 413, 180 A.2d 754. The court was correct in concluding that the plaintiffs had failed to sustain that burden.

There is no error.

In this opinion the other judges concurred.