GENNERO PIZZOLA ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF PLAINVILLE ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 7—decision released August 27, 1974

*James H. Shulman,* for the appellant (defendant Willis R. Zenga, trustee); with him, on the brief, was *David E. Koskoff,* for the appellant (named defendant).

*Frank DeNezzo,* with whom, on the brief, was *David J. Harrigan,* for the appellees (plaintiffs).

HOUSE, C. J. This is an appeal by the defendants from a judgment of the Court of Common Pleas which sustained an appeal from a decision of the Plainville planning and zoning commission upon finding that the action of the commission in granting a zone change was improper, illegal and an abuse of the commission's discretion.

On September 8, 1970, the defendant Willis R. Zenga, trustee, hereafter referred to as Zenga, applied to the Plainville planning and zoning commission for a change in zone from A-20 to garden-apartment for a parcel of land in Plainville. A public hearing was held on October 27, 1970, at which evidence was presented by the applicant and testimony was offered by several opponents. Among those appearing in opposition to the change of zone were the plaintiffs, Gennero and Elizabeth Pizzola, who took the present appeal individually and as representatives of the Northwest Homeowners Association. The court found that the plaintiffs were aggrieved by the decision of the commission, and that finding is not disputed by the defendants.

In the course of the public hearing, there was considerable discussion concerning possible traffic hazards which might result if the proposed change in use of the property was approved. Although the hearing was concluded on October 27, 1970, the commission subsequently wrote to Zenga and requested

two reports, one of which was a traffic survey. In accordance with this request, Zenga had a traffic report prepared by a traffic consultant of his own choice and at his own expense, which report he submitted to the commission. This report was considered by the commission in executive session, and on December 8, 1970, Zenga's application was granted.

Pursuant to § 8-3 of the General Statutes, public notice of the commission's decision was published in a local newspaper on December 18, 1970. Nineteen days later, on January 6, 1971, the plaintiffs filed their appeal in the Court of Common Pleas in Hartford County. On the basis of a special defense filed by Zenga, the appeal was dismissed by the court because it was not taken within the statutory period provided by § 8-8 of the General Statutes which allows fifteen days in which to take an appeal from the action of a zoning commission. The plaintiffs promptly filed a motion to reargue claiming that 1967 Special Act No. 255 was applicable and governed the time for taking their appeal and that since that act allowed twenty days in which to appeal a decision of the defendant commission, the plaintiffs' appeal of January 6 was in fact timely taken. The court granted the plaintiffs' motion, opened the judgment dismissing the appeal, and heard the appeal on its merits.

The plaintiffs claimed, and the court agreed, that the commission acted illegally and improperly and abused its discretion in requesting from Zenga, and in receiving and considering, the traffic report prepared by his chosen traffic consultant without giving the plaintiffs an opportunity to inspect the report and present rebuttal evidence of their own. The

court rendered judgment sustaining the appeal, and it is from that judgment that the defendants have taken the appeal to this court which granted certification of the appeal.

The defendants' first assignment of error is directed to the conclusion of the court that 1967 Special Act No. 255 entitled "An Act Amending the Zoning Regulations of Town of Plainville" (33 Spec. Acts No. 255) governed the appeal period rather than § 8-8 of the General Statutes. The relevant portions of §§ 8-8 and 8-10 provide that any person aggrieved by a decision of a zoning board or commission has fifteen days from the time notice of the decision is published pursuant to §§ 8-3 and 8-7 in which to appeal that decision to the Court of Common Pleas. On the other hand, § 5 of Special Act No. 255 allows an appeal from a decision of the Plainville zoning commission to be taken at any time within twenty days of the official publication. Section 8-10, which governs the application of the procedure set forth in § 8-8, was first enacted in 1953 and was later amended in 1955. Special Act No. 255 was enacted in 1967.

"It is well settled that a special or specific law repeals an earlier general or broad law to the extent of any irreconcilable conflict between their provisions." 73 Am. Jur. 2d 520, Statutes, § 416. " 'The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces.' *State* v. *Staub,* 61 Conn. 553, 566, 23 A. 924; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 A. 70; *Hartley* v. *Vitiello,* . . . [113 Conn. 74, 82, 154 A. 255]." *Knoll*

v. *Kelley,* 142 Conn. 592, 595, 115 A.2d 678. When two legislative enactments are in conflict and cannot reasonably be reconciled, the later one repeals the earlier one to the extent of the repugnance. "If expressions of the legislative will are irreconcilable, the latest prevails, even though it is contained in a special act. *Moran* v. *Bens,* 144 Conn. 27, 30, 127 A.2d 42." *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 425, 209 A.2d 674; see *Meriden* v. *Board of Tax Review,* 161 Conn. 396, 402, 288 A.2d 435. Obviously the general provisions of the statutes setting at fifteen days the time in which appeals must be taken from zoning commissions cannot be reconciled with the later legislative act providing that an appeal from the zoning commission in Plainville may be taken within twenty days. What this court said in *Raffia* v. *Zoning Board of Appeals,* 151 Conn. 484, 486, 199 A.2d 333, is apt: "Unfortunately, the act appears to ignore the prior commendable legislative policy of effectuating uniformity and clarity amidst the confused pattern of general and special zoning legislation in Connecticut. *Sullivan* v. *Town Council,* 143 Conn. 280, 286, 121 A.2d 630." Nevertheless, the General Assembly, as it had the right to do, specifically granted to parties such as the plaintiffs appealing from the action of the Plainville zoning commission a longer time within which to bring their appeal than it allowed to appellants from zoning commissions generally. The court properly concluded that the plaintiffs' appeal was timely brought and that it had jurisdiction to decide the merits of the appeal.

The court concluded that the commission improperly requested, after the public hearing had terminated, that the applicant, Zenga, furnish them with

a traffic report and then they used that report in connection with their deliberations without affording the opponents of the application an opportunity to examine the report, cross-examine Zenga's traffic consultant who prepared the report, and present evidence in explanation or rebuttal. The defendants assigned as error the court's conclusion that these actions were improper and illegal and done in abuse of the commission's discretion. We find no merit to this assignment of error.

While proceedings before zoning and planning boards and commissions are informal and are conducted without regard to the strict rules of evidence; *McCrann* v. *Town Plan & Zoning Commission,* 161 Conn. 65, 77, 282 A.2d 900; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 292, 99 A.2d 149; nevertheless, they cannot be so conducted as to violate the fundamental rules of natural justice. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 406, 225 A.2d 637. Due process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act, to cross-examine witnesses and to offer rebuttal evidence. The commission could not properly consider additional evidence submitted by an applicant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public. "This means a fair opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal. *Waddell* v. *Board of Zoning Appeals,* 136 Conn. 1, 9, 68 A.2d 152. Not to do so would deny those opposing the application the right to be fully apprised of the facts on which the board is asked to act. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155

Conn. 350, 358, 232 A.2d 916; *Wunder* v. *Macomber,* 34 Misc. 2d 281, 290, 228 N.Y.S.2d 552; 2 Rathkopf, Law of Zoning & Planning (3d Ed.), p. 44-2." *Wasicki* v. *Zoning Board,* 163 Conn. 166, 172-73, 302 A.2d 276.

It is true, as the defendants argue, that zoning boards and commissions are entitled to technical and professional assistance in matters which are beyond their expertise; *Yurdin* v. *Town Plan & Zoning Commission,* 145 Conn. 416, 421, 143 A.2d 639, cert. denied, 358 U.S. 894, 79 S. Ct. 155, 3 L. Ed. 2d 121; and that such assistance may be rendered in executive session. *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 250, 230 A.2d 595. The use of such assistance, however, cannot be extended to the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal.

The defendants next claim that "the trial court had no authority in May, 1972 to reopen a judgment it had rendered in March of 1972. The January session had ended at this point and the April session had already begun." The original judgment of the court dismissing the plaintiffs' appeal for lack of jurisdiction was rendered March 21, 1972, during the January session of the court. Three days later, on March 24, 1972, and during the same session of the court, the plaintiffs filed their motion to reargue based on the provisions of the 1967 Special Act, and, acting on this motion, on June 25, 1972, the court opened the judgment and sustained their appeal. Since the motion to reargue was seasonably made during the same session at which the opened judgment was rendered, the court retained jurisdiction

of the case and jurisdiction in acting on the motion to open and modify the judgment. *Ferguson* v. *Sabo,* 115 Conn. 619, 622, 162 A. 844, cert. denied, 289 U.S. 734, 53 S. Ct. 595, 77 L. Ed. 1482; see *Cichy* v. *Kostyk,* 143 Conn. 688, 697, 125 A.2d 483; *Morici* v. *Jarvie,* 137 Conn. 97, 104, 75 A.2d 47; *Ideal Financing Association* v. *LaBonte,* 120 Conn. 190, 195, 180 A. 300; see also note, 168 A.L.R. 204, 218, entitled "Power of court to vacate or modify its judgment or order after expiration of prescribed period upon application made within that period."

The defendants' remaining assignments of error require but brief comment. Not only is their attack on the constitutionality of 1967 Special Act No. 255 predicated upon a hypothetical state of facts involving the powers of the town council and not relevant to the circumstances of this case, but their present claim was not raised in the trial court; it was not ruled on by that court nor, consequently, even mentioned in the assignments of error. Practice Book § 652; *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 521, 290 A.2d 350. Nor did the court err in excluding the defendants' offer of testimony from a member of the defendant commission as to what independent knowledge the members of the commission had as to the traffic situation at the site in question and whether the members of the commission were in any substantial sense influenced by the traffic report submitted by Zenga subsequent to the public hearing. Such evidence was clearly hearsay and properly excluded. *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 242, 196 A.2d 427.

There is no error.

In this opinion the other judges concurred.