[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Stafford Higgins Industries, Inc. ["SHI"], appeals the decision of the defendant, Norwalk Planning Commission [the "Commission"], approving the subdivision application of the Estate of Warren Church [the "Applicant"].
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374,377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Section 8-28 of the planning commissions may be taken to the superior court. Conn. Gen. Stat. 8-28 (rev'd to 1989).
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987). Appeals taken pursuant to 8-28 are limited to persons aggrieved by an official action or decision of a planning commission" and to persons "owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of a planning commission. . . ." Conn. Gen. Stat.8-28 (rev'd to 1989).
At a hearing on the issue of aggrievement, held on June 27, 1990, plaintiff offered testimony that it owns land on Willard Road, across the street from the Applicant's property. In support of that testimony, plaintiff submitted a certified CT Page 3686 deed for its property, dated November 30, 1964 (Plaintiff's Exh. A. June 27, 1990), and a certified copy of Assessor's Tax Map 21SE, City of Norwalk, Connecticut, 1989 Grand List Year (Plaintiff's Exh. B, June 27, 1990). Plaintiff offered testimony that its property is indicated on the tax map as lot 4A and that the property located across the street, lots 118 and 277, are owned by the Applicant. The tax map shows that plaintiff's property and the Applicant's property are on opposite sides of Willard Road, the width of which is indicated as 70 feet.
The court finds that the plaintiff is statutorily aggrieved.
Persons aggrieved may appeal from an action or decision of a planning commission "within fifteen days from the date when notice of such action or decision was. . . published. . . ." Conn. Gen. Stat. 8-28 (rev'd to 1989). Public Act 90-286 provides that appeals from municipal authorities such as planning commissions in which a decision was not yet rendered as of the date of its passage are to be considered timely if the defendants were served within the fifteen-day appeal period. Conn. Pub. Acts. No. 90-286, 1, 3, 9 (1990).
In the instant case, notice of the Commission's decision was published on March 9, 1989. (Record, Item 11, Legal Notice.) Edward Leary, Director of the Commission; John Watson, Chairman of the Commission; Mary Keegan, Town Clerk, and Jean Mulligan, authorized to accept service for the City Clerk and the Commission, were all served on March 17, 1989, within the fifteen-day appeal period. Therefore the court finds that the appeal is timely.
A Motion to dismiss the appeal by the Commission for failure to cite and serve the Applicant was denied by the court, (Lewis, J.) on August 21, 1989, of the authority of Fong v. Planning Zoning Board of Appeals, 212 Conn. 628 (1989), which held that such failure does not require dismissal but that the applicant is nevertheless an indispensable party. The court, (Lewis, J.) also ordered plaintiff to cite in the Applicant as a party defendant. Plaintiff's motion to cite in the Applicant was granted by the court, (Lewis, J.) on October 2, 1989, and the Applicant was cited and served on October 11, 1989.
The Applicant Estate of Warren Church, moved that Minuteman Broadcasting, Inc. ["Minuteman"] be substituted for it as a party defendant on grounds that Minuteman purchased the subject property from the Applicant. This motion was granted by the court, (Lewis, J.,) on November 2, 1989. As of the date of this memorandum, Minuteman has filed no answer or brief in this CT Page 3687 matter. It is assumed that Minuteman adopts the brief of the Commission.
A trial court may grant relief on appeal from a decision of an administrative authority only where the authority has acted illegally or arbitrarily or has abused its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470 (1982). The burden of proof to demonstrate that the local authority acted improperly is upon the plaintiff. Adolphson v. Board of Appeals, 205 Conn. 703, 707 (1988). Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16
(1987); DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8 (1983).
In December, 1988, the Applicant applied to the Commission for subdivision approval. (Record: Item 3, Memorandum from Subdivision Committee to Planning Commission, February 1, 1989; Item 5, Transcripts, February 1, 1989, p. 1 and March 1, 1989, p. 1.) The Applicant proposed to divide a 2.56 +/- acre parcel, located in the Light Industrial #1 Zone at the end of Willard Road, into two (2) lots. (Record, Items 3, 5.) At the time of the application, said parcel was divided by a lease line which the Applicants sought to change to a property line. (Record, Items 3, 5.) On lease parcel "C" of the property is a 20,000 square foot office warehouse with a paved parking area, which are to remain. On the other lease parcel, parcel "B", are two radio towers and a small transmitter building and some wetlands. (Record, Items 3, 5.) The Applicant requested a waiver of the curb, sidewalk and street tree requirements. (Record, Items 3, 5.)
A public hearing concerning the applications was held on February 1, 1989. (Record Item 5, Transcript, February 1, 1989; Item 12, Legal Notice.) On March 1, 1989, the Commission approved the plan and further resolved that "the existing trees be substituted for the street tree requirement" and that "the curb and sidewalk required be waived as conditions do not warrant their installation." (Record, Item 5, Transcript, March 1, 1989, p. 1; Item 8, p. 2, Resolution, Item 10, Letter of Decision.) Plaintiff appeals from the Commission's decision.
Plaintiff first claims that the Commission failed to state any reason for its action as required by 8-26 of the Connecticut General Statutes.
Connecticut General Statutes 8-26 provides that the "grounds for its action [on a subdivision application] shall be stated in the records of the commission." However, this language is directory only and the failure of the local authority to state its reasons on the record does not make its CT Page 3688 action void. Corsino v. Grover, 148 Conn. 299, 310 (1961) (citations omitted) (discussing the same language applicable to zoning commissions in 8-3. Where the local authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. A.P. W. Holding Corp. v. Planning Zoning Board, 167 Conn. 182,186 (1974). Where reasons are stated, the court is not at liberty to probe beyond them. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541 (1970); Central Bank for Savings Planning Zoning Commission, 13 Conn. App. 448, 457 (1988).
Neither the lack of a stated reason or an inadequately stated reason provides a ground, in and of itself, for dismissal. Plaintiff must still prove that the Commission acted illegally, arbitrarily or in abuse of its discretion in approving the subdivision application.
Second, plaintiff claims that the Commission failed to state upon the record, as required by 8-26 of the Connecticut General Statutes and its own regulations, the reasons for the waivers granted to the Applicant, and that said waivers are without support in the record.
Section 8-26 C.G.S. provides that the "commission shall state upon its record the reasons for which a waiver is granted in each case." Section 3.32-5 of the Norwalk Subdivision Regulations, entitled "Waiver of Standards," also provides that the Commission "shall state upon its record the reason for granting the waiver." Subdivision Regulations, City of Norwalk, 3.32-5 (January 19, 1949, Revised September 25, 1987). However, as discussed above, the failure of the Commission to state the reasons for its decision on the record, or the failure to state adequate reasons, is not a ground on which the appeal can be sustained. This holds not only where the statute states that the reason for a waiver shall be stated on the record, but also where the local agency's regulations incorporate the same language as the statute and, thus, also state that the reason shall be stated on the record. Nevertheless, the Commission's decision must be supported by the record. A.P. W. Holding Corp., 167 Conn. at 186.
Section 3.32-5 of the Subdivision Regulations provides:
 WAIVER OF STANDARDS: Where conditions exist which affect the subject land and are not generally applicable to other land in the area (such as wetlands, watercourses and other natural features) and where the Commission finds that wetlands, watercourses or other significant natural features would be impaired by strict adherence to the Standards for Design and CT Page 3689 Construction of Streets (Section 3.17 through 3.32), or where strict conformity to those sections would cause undue hardship, but where the plan otherwise conforms with the regulations, the requirement may be waived by the Commission, provided the plan conforms to the spirit of the regulations. No waiver shall be granted that would have a significant effect on adjacent property or on public health and safety.
In its decision approving the subdivision application, the Commission approved the following resolutions regarding the requested waivers:
 BE IT FURTHER RESOLVED that the existing trees be substituted for the street tree requirement; and BE IT FURTHER RESOLVED that the curb and sidewalk required be waived as conditions do not warrant their installation.
(Record, Item 10, Letter of Decision.)
Plaintiff argues that the Record lacks any statement which substantiates the need or provides an appropriate reason for the requested waivers. Plaintiff claims that the Commission made no finding, nor did the Applicant offer any evidence to support or suggest, that adherence to the Regulations requiring curbs, sidewalks or street trees would either (1) impair a wetland, watercourse or other significant natural feature or (7) cause undue hardship, as required by section 3.32-5 of the Regulations. Plaintiff also argues that there is no evidence in the Record that this is a case "where conditions exist which affect the subject land and are not generally applicable to other land in the area," as required by section 8-26 of the Connecticut General Statutes.
First, it should be noted that in its decision, the Commission stated that it was waiving curb and sidewalk requirements; it did not state that it was waiving the street tree requirement. (Record, Item 10.) Regarding the street tree requirement, the Commission decided that "the existing trees [may] be substituted for the street tree requirement." (Record, Item, 10.) Section 3.40 of the Regulations, as provides, in part, that "[e]xisting trees, of an acceptable type, if located within. . . [certain] defined areas. . . may be substituted for one or more of those required, if the Commission deems them sufficiently conforming." The Commission undertook to act within its power under section 3.40 to substitute existing trees for the street tree requirement. Plaintiff does not claim that the Commission lacked the power to substitute existing trees for CT Page 3690 the street tree requirement or that the requirements of section 3.40 were not met such that the Commission was precluded from substituting existing trees for the street tree requirement. The court finds that plaintiff's claim that the street tree requirement should not have been waived is unavailing because the Commission did not purport to waive that requirement.
As to the curb and sidewalk requirements, a review of the record reveals that the Norwalk Conservation Commission recommended approval of the subdivision proposal on the conditions that "use [be] restricted to existing structures and existing site conditions" and that if "any new construction is proposed, a full Conservation application and permit must be received."
While the Commission resolved that the curbs and sidewalk requirements "be waived," it also stated as a reason that "conditions do not warrant their installation." (Record, Item 10). The sections of the Regulations governing curbs and sidewalks "shall be required for all lots where the Commission finds that [certain stated factors] warrant their installation." Regulations, 3.31, 3.30. Thus, while the Commission stated that the requirements were "waived as conditions do not warrant their installation," the Commission did not in fact conclude that the requirements may be waived under section 3.32-5 of the Regulations concerning waiver. The Commission applied the curb and sidewalk sections to the subdivision application and concluded, as allowed under those sections, that conditions do not warrant their installation. The court finds that the Commission did not waive the curb and sidewalk requirements under 3.32-5 of the Regulations, but rather determined that curbs and sidewalks were not warranted pursuant to their power to do so under 3.31 and 3.30 of the Regulations.
The application is to divide a 2.56+ acre parcel into two separate parcels along the property's present lease line. The applicant wishes to make the lease line the property line. On one parcel there are 2 radio towers and a small transmitter building the second parcel contains the Chem-Lawn office-warehouse.
Plaintiff also argues that "no waiver shall be granted that would have a significant adverse effect on adjacent property or on public health and safety." Conn. Gen. Stat.8-26 (rev'd to 1989); Subdivision Regulations 3.32-5. Plaintiff argues that because there are no sidewalks or curbs in front of the subject property, cars parking on the property encroach into the street and make travel difficult and unsafe. Plaintiff claims that trucks which must enter its property are hampered by the unlawful parking in the street and that either CT Page 3691 curbs or sidewalks would have "prevented cars parking on the [subject property] from spilling over into the public right of way." Plaintiff claims that the waivers have a significant adverse impact on its use and enjoyment of its property and on public health and safety in general.
However, the Record does not support this claim. Rather, it is clear that the traffic and parking situation raised by plaintiff existed prior to the subdivision application and that plaintiff was of the opinion that subdivision approval "would preclude any possible remedy of the situation as it stands now." (Record, Item 5, Transcript, February 1, 1989, pp. 1, 2.) Thus, the subdivision and waivers are admittedly not the cause of any claimed adverse effect. In fact, there was evidence that traffic is hindered at times by cars waiting in line to enter the Emission Control Center, which has no relation to the proposed subdivision. (Record, Letter dated April 2, 1985, attached to Item 4, Minutes of February 1, 1989 Public Hearing). Furthermore, there was testimony and evidence that the parking area on the subject property is more than adequate and that the parking area inside the building could be used during the day as well as at night. (Record, Item 5, Transcript, February 1, 1989, pp. 4, 5; Item 7 Memorandum of Zoning Inspector to Planning Engineer, February 14, 1989.) Also, as the plaintiff claims, parking on the street is unlawful due to the existence of a No Parking Zone, which was extended at plaintiff's request. (Record, Letters dated July 2, 1985, April 4, 1986, January 18, 1988, attached to Item 4.) Thus, the remedy for the claimed illegal parking would be a matter of enforcement by the police department, not for the Planning Commission via subdivision approvals.
The Record contains sufficient evidence on which the Commission could have reasonably concluded that the granting of the requested waivers of curb and sidewalk requirements would not have an adverse impact on adjacent property or on public health and safety.
Plaintiff also argues that the granting of the application has an adverse impact on the public health, safety and general welfare in violation of Section 7.01 of the Subdivision regulations. Section 7.01 provides as follows:
 DETRIMENT TO GENERAL WELFARE: Subdivision proposals which could have an adverse effect, or could contribute to an adverse effect, on the public health, safety and general welfare shall not receive favorable consideration even though meeting other requirements of these regulations. CT Page 3692
In support of this claim, plaintiff again argues that the application "did not provide any solution to an existing parking problem on Willard Road, a problem caused by insufficient parking on the [subject] Premises."
However, as already indicated, there is evidence in the Record that the alleged parking problems do not relate to, and existed prior to, the subdivision application. Also, as set forth above, there is evidence that the parking area on the subject property is in excess of that which is required. Thus, the Record contains sufficient evidence upon which the commission could have reasonably concluded that the application would not have an adverse impact on health, safety and welfare in violation of Section 7.01 of the Regulations.
Plaintiff additionally argues that the Commission improperly considered evidence submitted after the conclusion of the public hearing. Specifically, plaintiff points to the Commission's post-hearing request of the Zoning Inspector that he verify whether parking requirements were satisfied and whether Chem-Lawn, a tenant on one of the leased parcels, was manufacturing insecticides in violation of the Norwalk Building Zone Regulations. (Record, Item 6.) See Building Zone Regulations of the City of Norwalk, Connecticut, 118-700(9) (October 16, 1929, amended to July 28, 1989) (Record, Item 13) [the "Zoning Regulations"].
At the outset it should be noted that the Commission's request of the Zoning Inspector was a direct result of plaintiff's claims concerning parking and Chem-lawn's use of the property at the public hearing. (Record, Item 5, 6.) The Zoning Inspector reported back to the Commission by memorandum dated February 14, 1989. (Record, Item 7.) The memorandum, in its entirety, reads as follows:
 In reply to your request concerning Chem-Lawn, I visited the site on February 13, 1989. The parking layout is as shown and the parking requirements submitted [sic] by the surveyor are in excess of those required.
 The use does not involve the manufacture of insecticides. The applicant mixes prepared chemicals in tanker and trucks which are then driven to the site where they are used.
 The use was established in 1983 and is not offensive by reason of error etc. which was not present.
(Record, Item 7.) CT Page 3693
Plaintiff questions how the Zoning Inspector obtained the above information and how he reached his conclusions. Plaintiff claims that the possibility that the Zoning Inspector had ex parte communications with the Applicant cannot be foreclosed.
The court stated in Pizzola v. Planning Zoning Commission, 167 Conn. 202 208 (1974) that:
 Zoning boards and commissions are entitled to technical and professional assistance in matters which are beyond their expertise; (citation omitted); and. . . such assistance may be rendered in executive session. Kyser v. Zoning Board of Appeals, 155 Conn. 236, 250. . . . The use of such assistance, however, cannot be extended to the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal.
Once the occurrence of an improper ex parte communication is demonstrated, a presumption of prejudice arises and the burden shifts to the defendants to show that the plaintiff has not been prejudiced thereby. Blaker v. Planning Zoning Commission,212 Conn. 471, 480 (1989).
In the instant case, the plaintiff has not demonstrated that an improper ex parte communication has occurred. There is no evidence that the Commission communicated with the Applicant following the hearing. There is no evidence that the Zoning Inspector conferred with the Applicant in order to prepare his memorandum. Plaintiff claims that this possibility cannot be foreclosed, but the same can be claimed of any report prepared for a local agency by a town official. The Commission merely requested and obtained technical assistance, which it is allowed to do, even in executive session. Pizzola, 167 Conn. at 208
(citing Kyser v. Zoning Board of Appeals, 155 Conn. 236, 250
(1967).
While the courts have acknowledged that a plaintiff may be prejudiced by a local agency's post-hearing receipt of technical assistance from other town officials, those cases have involved situations where the technical assistance was rendered in executive session and, therefore, its content was unknown. Kyser v. Zoning Board of Appeals, 155 Conn. 236, 250-52 (1967); McCrann v. Town Plan Zoning Commission, 161 Conn. 65, 76-8
(1971).
In the instant case, the content of the Zoning Inspector's CT Page 3694 post-hearing communication with the Commission is known, as it is in the form of a memorandum. There is nothing in that memorandum which demonstrates or even raises a question as to whether plaintiff was prejudiced thereby. If plaintiff wishes to challenge the Zoning Inspector's conclusions that parking is adequate and that Chem-Lawn is in compliance with the Zoning Regulations, it must do so by appealing the Zoning Inspector's determination to the Zoning Board of Appeals, as contemplated and allowed by 8-6 of the General Statutes and 118-1410A(1) of the Zoning Regulations. See Conn. Gen. Stat. 8-6 (1) (rev'd to 1989).
Thus, it was not improper for the Commission to consider the Zoning Inspector's memorandum dated February 14, 1989.
The count concludes that the Commission did not act illegally, arbitrarily or in abuse of its discretion in approving the Applicant's subdivision application.
The appeal is dismissed.
COPPETO, J.