[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Thomas Cilfone appeals the decision of the defendant Commissioner of Motor Vehicle suspending his operator's license for six months pursuant to General Statutes14-227b. The appeal is brought pursuant to 4-183. The court finds the issues in favor of the Commissioner.
At the administrative hearing, the police officer who arrested the plaintiff appeared and testified, and his A44 report was also admitted in evidence. No other evidence was admitted. The officer, a member of the Canton Police Department, testified that he was on patrol in Canton when he received a radio transmittal from the Simsbury police. The message informed him that two males in a white Cadillac Eldorado were wanted by the Simsbury police. Shortly thereafter, the officer spotted the vehicle. He testified that
 I had called Simsbury to advise them of this. I wanted to know if they wanted the vehicle stopped. As this was going on I caught up to the vehicle. I noticed it was swerving within its lane and Simsbury did inform me they wanted the vehicle stopped.
Record. Transcript of Hearing, p. 8.
He later testified that he observed the operation of the vehicle for "approximately a little bit less than a mile."
The officer then stopped the vehicle, administered a field sobriety test to the plaintiff, who had been operating the vehicle, and arrested him for driving while intoxicated in violation of General Statutes 14-227a. The officer did not charge the plaintiff with any other violation or infraction. CT Page 3035
Following the police officer's testimony and the admission of his report, the plaintiff's attorney offered oral argument to the effect that the police had no legal basis for stopping the plaintiff. Specifically, he argued that "this officer had no other traffic violation for which to pull him over, which would give him reasonable and articulable suspicion to pull him over." Furthermore, counsel argued, the message from Simsbury, standing alone, did not afford sufficient basis for the hearing officer to find that the stop was legal because there was no evidence as to the basis of the Simsbury police information, citing State v. Acklin, 171 Conn. 105, 112 (1976).
The plaintiff's attorney then stated he had nothing further to say, and the hearing officer indicated that the hearing was concluded. At that point, the police officer asked, "Can I add something?" Over the objection of the plaintiff's attorney, the hearing officer permitted the police officer to add to his previous testimony. This additional testimony was to the effect that he would have stopped the plaintiff solely on the basis of his observation of the vehicle swerving. He stated, "Based on my experience . . . I said to myself there is a good chance he's intoxicated because of just his operation within his lane. It wasn't consistent with the other traffic nor did I think it was normal, regardless, he was going to be stopped." Record. Transcript of hearing, p. 12. Following those statements, the hearing officer adjourned the hearing.
The plaintiff's essential contention in this case is that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for his arrest on the drunk driving charge. Ancillary to that argument is his contention that it was a denial of due process to allow the police officer to testify by way of rebuttal of the plaintiff's attorney's oral argument at the administrative hearing; to "fill the gap," as he puts it in his brief to this court.
A police officer need not have probable cause to stop a motor vehicle. Rather, a brief investigative detention is permissible, even in the absence of probable cause, if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184-185 (1990). What constitutes a reasonable and articulable suspicion depends upon the totality of the circumstances. State v. Anderson, 24 Conn. App. 438,441 (1991). In the present case, the police officer initially testified that he had a tip from the Simsbury police that the occupants of the vehicle had just committed an offense in their CT Page 3036 town and were wanted by them. He also testified that he observed the vehicle operating erratically for about a mile. This officer's prior written report contained the same facts. Although these facts do not constitute probable cause for believing that a crime had been or was being committed, they would tend to create a reasonable and articulable suspicion on the part of the police. The vehicle's noticeable swerving within its own traffic lane was, by itself, a basis for such suspicion. Compare Field v. Goldberg, No. CV917002004 (Superior Court, Hartford J.D., Dec. 19, 1991, Maloney, J.), where the court held that the facts were insufficient to provide a basis for suspicion because, in part, the police observed no abnormal operation of the vehicle.
The hearing officer's finding of probable cause must be based on an implicit finding that the initial stop of the accused by the police was lawful. Field v. Goldberg, supra. "Judicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). In this case, there was sufficient evidence for the hearing officer to find that the initial stop of the plaintiff was lawful.
With respect to the plaintiff's due process claim, the rule is set forth in Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536 (1987), where the court held as follows:
 Hearings before administrative agencies, such as this agency, although informal and conducted without regard to the strict rules of evidence, "must be conducted so as not to violate the fundamental rules of natural justice." Connecticut Fund for the Environment Inc. v. Stamford, 192 Conn. 247, 249, 470 A.2d 1214
(1984); see Pizzola v. Planning Zoning Commission, 167 Conn. 202, 207, 355 A.2d 21 (1974). "Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Connecticut Fund for the Environment, Inc. v. Stamford, supra; see Welch v. Zoning Board of Appeals, 158 Conn. 208, 212-13, 257 A.2d 795
CT Page 3037 (1969).
In the present case, at oral argument on this appeal, counsel for the plaintiff specifically stated that he does not claim he was denied the right to cross examine the police officer, nor is there any suggestion that he was denied the right to produce any relevant evidence. He merely argues that the acceptance of additional testimony after oral argument violated "basic fairness." The burden of such a claim, however, rests upon the person asserting it. Huck, supra, 537. In this case, the plaintiff has shown no prejudice to the effective presentation of his case at the administrative hearing. In particular, it should be noted that the police officer's additional testimony essentially reiterated what he had already said, but added nothing new.
In summary, the court finds that the plaintiff's assignments of error cannot be sustained. The appeal is, therefore, dismissed.
MALONEY, J.