[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicant, William C. Bieluch, Jr., Trustee, submitted a subdivision application to the Darien Planning Zoning Commission (the "Commission") on September 18, 1987. The property consisted of 3.1 acres located on the east side of Noroton Avenue in Darien, which the applicant sought to subdivide into six building lots, one containing an existing dwelling, together with an open-space parcel.
On October 2, 1987, the Darien zoning officer wrote to Mr. Bieluch to inform him that his application was incomplete, lacking an engineering report regarding storm water drainage and lacking a traffic study. On October 27, 1987, an attorney representing neighbors of the proposed subdivision submitted a letter to the planning and zoning director complaining that the engineering report and the traffic study had still not been placed on file in the Commission offices.
A public hearing was held on October 27, 1987. One of the main points of discussion at the public hearing was the location of the open space area. The application sought to locate a .3 acre parcel of open space at the northeast corner of the proposed subdivision; in other words, at the back of the proposed subdivision, on the opposite side from Noroton Avenue. Several members of the Commission expressed an interest in having the open space located adjacent to Noroton Avenue, to create a buffer with the rest of the neighborhood and to better preserve the current impact of the site on the neighborhood as an undeveloped segment of Noroton Avenue.
The applicant undertook to satisfy these concerns by modifying the application to place the open space at the front of the proposed subdivision, a process which required an extension of time during which the application was pending. On February 4, 1988, the applicant submitted a revised lot layout plan, locating the open space at the front of the proposed subdivision. However, the revised plan created two new lots which did not meet the minimum lot width required in the zone. Nor did the revised plan adequately address the storm water drainage that would be created by the relocated house lots.
At its meeting of February 23, 1988, the Commission voted to CT Page 4494 disapprove the subdivision application. Notice of disapproval of the application was published in the Legal Notices section of the Darien News Review on March 3, 1988. This appeal followed.
Review of a subdivision application is an administrative task. An application must conform to all applicable subdivision regulations. An application that fails to conform to a regulation will be denied. Forest Construction Company v. Planning Zoning Commission, 155 Conn. 669 (1967). If any one reason given by a planning commission supports the denial of a subdivision application, the denial will stand. Crescent Development Corporation v. Planning Commission, 149 Conn. 145, 150 (1961).
A land use commission cannot properly consider additional evidence submitted by an applicant after the close of the public hearing. Blaker v. Planning Zoning Commission, 212 Conn. 471, 478
(1989); Pizzola v. Planning Zoning Commission, 167 Conn. 202
(1974. Opponents of a subdivision application must have an opportunity to voice their objections to an issue, and this opportunity does not exist where a commission considers evidence submitted after the close of a public hearing.
Article II, Section C2 of the Subdivision Regulations requires all applications to comply with all provisions of the Regulations, and further provides that a public hearing will not take place until receipt of the Commission of the formal application and all required accompanying materials.
Although the Commission wrote to the applicant to remind him of the need to complete his application materials the plan was not submitted until November 17, 1987.
Article IV, Section C of the Subdivision Regulations required the proposed subdivision to contain a 10% open space reservation, which would be approximately .3 acres. The application originally located the open space area at the back of the proposed subdivision. However, Article IV, Section C1 provides that an essential purpose of the open space reservation is to create a buffer against noise and air pollution, and to protect, inter alia, residential privacy. Article IV, Section C3 and Section C4 reserve to the Commission the right to approve the character and location of the open space reservation, and to designate open space land as the Commission deems appropriate.
In accordance with these provisions, several members of the Commission at the public hearing expressed their disapproval of the open space area being located at the back of the subdivision, and suggested that it would better serve the purpose of the Subdivision Regulations if it were located adjacent to Noroton Avenue. CT Page 4495
The applicant did not submit an alternate lot layout with open space adjacent to Noroton Avenue until February 3, 1988 (Record Exhibit Z), well after the close of the public hearing. The revised lot layout contained two building lots which did not comply with the minimum lot width pursuant to the Zoning Regulations. The Commission was unable to approve a subdivision plan which violated a zoning regulation. Krawski v. Planning Zoning Commission,21 Conn. App. 667, 670 (1990).
Article III, Section B3 of the Subdivision Regulations requires detailed storm drainage data to be submitted to the Commission as part of the subdivision application. Article IV, Section I describes the drainage standards, the chief of which is a zero increase in peak runoff based upon the anticipated runoff from a 50-year storm.
The application did not comply with these storm drainage requirements. As of October 22, 1987, the Darien Superintendent of Public Works had not seen drainage calculations in order to provide his advice to the Commission. The storm drainage calculations did not adequately account for the increase in storm water runoff directed to the existing Noroton Avenue storm drain.
The subdivision regulations grant the Commission the discretion to locate the open space area as originally proposed "would have little value or benefit as open space because of its different nature, its use as a storm water detention area, and its proposed location." When the applicant sought to relocate the open space site, he submitted his revised layout after the close of the public hearing and with significant zoning violations.
Because subdivision review is essentially administrative in nature, it is necessary for an applicant to submit a complete and timely application containing all plans, reports and documents necessary to allow the Commission to undertake its administrative review. With an incomplete or inadequate application, the Commission has no choice but to disapprove the application as not in accordance with the subdivision regulations. In the present case, the Commission rejected the open space proposal, and also rejected the use of Noroton Avenue for drainage in the manner proposed by the applicant. The applicant's effort to revise his application could not be received after the close of the public hearing.
The appeal must be and is dismissed.
HICKEY, J. CT Page 4496