[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Coyle Realty, Inc. appeals from the decision of the defendant, the Zoning Board of Appeals of the Town of Hamden ("the Board") denying the plaintiff's appeal of a cease and desist order issued by the Town's Zoning Enforcement Officer ("the ZEO").
The plaintiff is the owner of property designated as 2546 State Street in the Town of Hamden and operates a construction business ("Coyle Construction") from the premises. The subject property is in a Controlled Development ("CDD-1") District. CT Page 7674
The ZEO issued a Notice of Violation dated August 11, 1998, giving the plaintiff ten days to comply with said notice. On October 2, 1998, the ZEO issued the Cease and Desist Order, which is the subject of this appeal. On October 16, 1998 the plaintiff appealed the ZEO's decision to the defendant Board. A public hearing on the appeal was held on January 21, 1999, following which the Board met and voted to deny the plaintiff's appeal. An appeal to this Court followed.
 II
Under General Statutes, Section 8-6 (a)(1) and the Zoning Regulations of the Town of Hamden ("Regulations"), Section 861.1, the defendant Board has the power and duty to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with Zoning Enforcement. In hearing an appeal of a ZEO's decision, the Board acts administratively, in a quasi-judicial capacity,Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 513-14. There is a strong presumption of regularity in the proceedings of a public body such as the Board, Murach v. Planning Zoning Commission, 196 Conn. 192, 205
(citations omitted). The burden of proof to demonstrate that the Board acted improperly is upon the plaintiff, Adolphson v. Zoning Board ofAppeals, 205 Conn. 703, 707 (citations, quotation marks omitted).
 III
Among the uses permitted by right in a CDD-1 district is "Contractor's materials and equipment sales and storage" (S.572.1.d). The plaintiff contends that his use fits within this category. This, and other uses permitted by right are permitted "subject to Site Plan approval and accordance with section 840" (Section 572). It was the ZEO's contention that the plaintiff had not obtained site plan approval prior to engaging in its activity and that it had failed to obtain a special permit for outdoor storage pursuant to Regulations, S. 725.
The plaintiff argues that it does not need an approval of a site plan to obtain a special permit because the use is permitted under the current zoning regulation, S.572.1.d, and there have been no material changes from the original site plan filed by a previous owner of the subject property.
As to the need for special permit for outdoor storage, the plaintiff argues, first, that it is not engaged in outdoor storage and that the overnight parking of trucks used daily is not outdoor storage. Moreover, the plaintiff claims that the cease and desist order did not mention on-site storage and thus the matter is not properly before the Court. CT Page 7675
Both the August 11, 1998 Notice of Violation (Return of Record, Exhibit 23), and the October 2, 1998 Cease and Desist Order (ROR, Exhibit 22), state the violation to be "Operating a Construction Business Without Permits" and "Illegal Outdoor Storage of Vehicles". Prior to the public hearing of January 21, 1999 the plaintiff's attorney Planning Zoning Commission ("the P Z"); pending such approvals the plaintiff was operating illegally. At the hearing, the plaintiff's counsel requested a continuance to allow the plaintiff to submit an application to the P Z (ROR, Exhibit 21, p. 1). The instant appeal had already been continued twice at the request of the plaintiff. The Board denied this request for continuance and proceeded to a hearing on the merits. The plaintiff's position was that it had not altered the site so as to warrant the filing of a new site plan. (ROR, Exhibit 21, p. 30). Opponents of the plaintiff's appeal testified that the plaintiff had "ripped out" a buffer to increase storage space, had placed a fuel tank on the property, had "opened up driveways" at the site, all (ROR, Exhibit 21, pp. 10-14, 39-42), arguably, changes requiring site plan approval. The court finds there was sufficient evidence in the records to support the conclusion that the plaintiff had altered the use so as to require site plan approval. As stated by the ZEO, if the plaintiffs submit a site plan, "then we will find out if the lot is large enough, if the parking is adequate, if they have outdoor storage" (ROR, Exhibit 21, p. 39).
The plaintiff claims there have been no material changes from the original site plan filed by a previous owner. The burden was on the plaintiff to show that there was an approved site plan for the subject property and that the plaintiff had not materially altered the site so as to require filing a new site plan. This the plaintiff failed to do. The Board has a basis in the record to conclude that the plaintiff had failed to show that the ZEO, in issuing the Notice of Violation and Cease and Desist Order, was in error. The plaintiff failed to establish that the defendant Board, in denying the appeal at issue, acted illegally, arbitrarily or in abuse of the discretion vested in it.
The plaintiff cites Chaconis v. Planning Zoning Commission, 1993 WL 213836 (Conn.Super. 1993) in support of its position that since there have been no material changes, the regulations requiring a site plan can and should be waived when the change of use is minimal. Indeed, Regulations, S. 841 provides, in pertinent part: "Minor amendments to approved Site Plans may be approved by the Town Planner, subject to compliance with all the appropriate zoning regulations", but the plaintiff failed to establish it had received such waiver. The Chaconis court's conclusion that "[it] is logical to find that . . . the site plan requirement . . . [was] waived by the Planning Director" has no application to the instant matter. The plaintiff has not shown it ever applied for, much less received, such waiver. CT Page 7676
 IV
In its Supplemental Brief, filed after the hearing on the instant appeal, the plaintiff claims it was deprived of its due process rights in that the cease and desist order was vague and confusing so as not adequately to apprise the plaintiff of the exact nature of the alleged zoning violations. The plaintiff correctly asserts that due process of law requires that the parties involved have an opportunity to know the facts upon which the board or commission is asked to act, to cross examine witnesses and to offer rebuttal evidence, Pizzola v. Planning Zoning Commission, 167 Conn. 202, 207. The Court finds that the plaintiff was afforded such opportunity. Between the issuance of the cease and desist order, and the public hearing there was ample time for the plaintiff to seek clarification and amplification of the order, and in fact, the plaintiff did seek and receive such clarification. By the time of hearing the plaintiff was aware that the ZEO believed the plaintiff was operating its business illegally in violation of Regulations, S.572, in not having obtained site plan approval and in not obtaining a special permit for outdoor storage, pursuant to Regulations S.572.2.a. The plaintiff was given ample opportunity to be heard, to submit evidence, to question witnesses and to offer rebuttal evidence. It is generally a simple matter to obtain a copy of an approved site plan on file in a land use office. The burden was on the plaintiff, not the Board, to produce such document, if the plaintiff believed such document would support its position.
 V
Finally, the plaintiff characterizes as a "red herring" and an "attempt to bootstrap a violation for on-site storage" the defendant's claim that the cease and desist order at the hearing." As we have already noted, the cease and desist order in its heading under the bold type "CEASE AND DESIST", listed "Illegal Outdoor Storage of Vehicles". The Board failed to state upon its records the reasons for its decision. The comments of board member Fitch cannot be read as a statement by the Board of the reasons for its decision. The issue of on-site storage was vigorously addressed by the plaintiff and by opponents at the public hearing. The comment of the ZEO during the public hearing, "I did not issue that cease and desist for on-site storage of equipment or vehicles", is not dispositive of the issue. There was testimony in the record that the plaintiff stored machinery, debris, fuel and construction materials outdoors on the site (ROR, #21, Transcript of January 21, 1999 hearing pp. 11, 40, 41). There was substantial evidence in the record to support the conclusion that the plaintiff was engaged in illegal outdoor storage without a permit. There was substantial evidence in the record to support CT Page 7677 the Board's upholding of the ZEO's action in issuing the cease and desist order and denying the plaintiff's appeal on the basis both of operating a construction business without a permit and illegal storage of equipment.
 IV
The Court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the defendant Board, in denying the plaintiff's appeal of the ZEO's cease and desist order, acted illegally, arbitrarily or in abuse of discretion.
This appeal, accordingly, is dismissed and judgment may enter in favor of the defendant, the Zoning Board of Appeals of the Town of Hamden.
By the Court,
Downey, J.