BROOKFIELD PLAZA LIMITED PARTNERSHIP *v.* ZONING COMMISSION OF THE TOWN OF BROOKFIELD (8018)

SPALLONE, DALY and FOTI, Js.

Argued December 13, 1989—decision released May 15, 1990

*Francis J. Collins,* with whom was *C. Anthony Vournazos,* for the appellant (defendant).

*Richard A. O'Connor,* with whom, on the brief, was *Christopher G. Winans,* for the appellee (plaintiff).

DALY, J. The defendant Brookfield zoning commission (commission) appeals from the judgment of the trial court setting aside its denial of the plaintiff's application for design review approval for the construction of a retail luggage store at White Turkey Plaza in Brookfield. On the plaintiff's appeal, the trial court concluded that the commission had acted illegally and arbitrarily by considering posthearing evidence in the form of a written report of the commission's chairman, without giving the plaintiff an opportunity to be heard

and to rebut the information in that report. The commission claims that the trial court erred in this holding. We agree and find error.

On or about August 7, 1985, the plaintiff applied to the commission for design review approval to permit the construction of a retail luggage store. On September 26, 1985, the commission held a public hearing during which no opposition was presented.[1]

On October 10, 1985, at a regular meeting of the commission, the commission chairman, William Schappert, submitted to the commission a written report expressing his views and recommending denial of the application at issue. At that meeting, and after a full discussion by all members, the commission voted to deny the application. The commission's reasons for denial were set forth in its decision and letter to the plaintiff. The commission concluded that the plaintiff did not satisfy the requirements for approval because the plaintiff had failed to comply with §§ 242-602G (3), 242-301C (3) (b) (5) and (10), 242-305B, and 242-301C (5) (d) of the zoning regulations that relate to (1) vehicular and pedestrian safety, (2) adequacy of erosion and sedimentation controls, (3) adequacy of site drainage, (4) reduction in the number of approved parking spaces, and (5) compatibility of the architecture and site location with the remainder of the shopping center. The plaintiff appealed to the trial court.

The trial court determined that the absence of a complete transcript made it impossible to determine whether the plaintiff had complied with the necessary regulations and was thus entitled to design review approval, which it called a "special exception." The trial court sustained the plaintiff's appeal, however, when

---

[1] Part of the transcript of the public hearing was unavailable to both the trial court and this court, but the parties have proceeded on the remaining record.

it held that the commission had acted illegally and arbitrarily by basing its decision on the chairman's report without affording the plaintiff an opportunity to be heard and to rebut the commission's point of view, which was based in large part on the chairman's report.

The commission claims that the trial court erred in determining that the commission acted illegally and arbitrarily when it considered the chairman's report without providing the plaintiff an opportunity to be heard and to rebut the information in the report. We agree.

The trial court relied on three cases for its decision, all of which are factually distinguishable from the present case. The first case it relied upon was *Feinson v. Conservation Commission*, 180 Conn. 421, 429 A.2d 910 (1980). In that case, the Supreme Court upheld the trial court's decision sustaining the plaintiff's appeal on the denial of his application to conduct a regulated activity in an inland wetland. There were two aspects of that opinion relied on by the trial court, the first regarding the right of the plaintiff to have an opportunity to be heard and to respond to a commission's concerns, and the second regarding the right of the plaintiff to have an opportunity for rebuttal where a commission relies on its personal knowledge in contradiction to expert testimony on technical subjects. The trial court's reliance on that case is misplaced.

The trial court relied on the following language in *Feinson* when it determined that the reliance on the chairman's report deprived the plaintiff of his opportunity to be heard. "The sparsity of reliable evidence in this record is underscored by the fact that the commission, in relying on its own knowledge and experience, acted in a manner which placed its data base beyond the plaintiff's scrutiny. Nowhere in the public hearing, or at any time and place, was the plaintiff

afforded a fair opportunity to hear the commission's fears and to attempt to allay them." Id., 428.

We disagree with the trial court's conclusion that there is nothing in the record that shows that the commission expressed to the plaintiff its concerns, either before or at the public hearing. While most of the public hearing transcript was missing; see footnote 1, supra; there is some indication in the remainder of that transcript that the plaintiff was aware of the commission's concerns, particularly those related to traffic and parking. Since there was at least one reason given by the commission that supported its action in denying the plaintiff's application, the trial court erred in sustaining the plaintiff's appeal. See *Senior* v. *Zoning Commission,* 146 Conn. 531, 534, 153 A.2d 415, cert. denied, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145 (1959). Further, the record indicates that the commission gave considerable time and ample deliberation to all aspects of the problems confronting it. It made a fair and full investigation of the facts, and the record demonstrates a purpose on its part to serve the public interest. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 676, 236 A.2d 917 (1967).

The trial court also relied on the holding in *Feinson* for its conclusion that the plaintiff was denied an opportunity to rebut the information in the chairman's report. In *Feinson,* the court determined that the conservation commission acted without substantial evidence when it based its decision on a lay member's concern for the "technically sophisticated" subject of pollution control. *Feinson* v. *Conservation Commission,* supra, 427. Specifically, the court held that "[j]udicial review of administrative process is designed to assure that administrative agencies . . . act in a manner consistent with the requirements of fundamental fairness. . . . [W]e are compelled to conclude that a lay commission acts without substantial evidence, and

arbitrarily, when it relies on its own knowledge and experience concerning *technically complex issues* such as pollution control, in disregard of contrary expert testimony, without affording a timely opportunity for rebuttal of its point of view." (Emphasis added.) Id., 429.

While the commission, acting in its administrative capacity, must act in a manner consistent with the due process notion of fundamental fairness, we conclude that the commission is not required to provide an opportunity for rebuttal when it relies on the knowledge and experience of one of its members on nontechnical issues. The chairman's report was merely a summary of his personal observations of the area and of what had transpired at the public hearing, followed by a recommendation that the application be denied for not complying with the requisite regulations. Among the specific inadequacies listed in the report were problems related to pedestrian and traffic safety, clearly nontechnical subjects. As stated in *Feinson,* "[w]e have in the past permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion and street safety . . . ." Id., 427. Furthermore, "[t]he members of the commission were entitled to consider any facts, concerning the area, traffic, intersection and surrounding circumstances, which they had learned by personal observation . . . ." *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, 675. Their conclusions as to the effect of the network of roads in and around the shopping center on traffic safety and as to hazards to the public could be reached without technical knowledge. See id. The trial court has mischaracterized this report and was in error in relying on the holding in *Feinson.*

The trial court also relied on *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 207, 355 A.2d 21

(1974), and *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 358, 232 A.2d 916 (1967), for the principle that the plaintiff's due process rights were infringed because the commission considered information in the form of a written report submitted by the chairman of that commission, without giving the plaintiff the opportunity to inspect this information and to offer evidence in explanation or rebuttal. Again, these cases are factually dissimilar and do not warrant an extension to the facts of the present case.

In *Pizzola* v. *Planning & Zoning Commission,* supra, 208, the court held that "the receipt, ex parte, of information supplied by a party to the controversy without affording his opposition an opportunity to know of the information and to offer evidence in explanation or rebuttal" is a due process violation against the opponents of the application. There was no such additional evidence submitted by a party to the controversy after the public hearing in the present case, nor were there opponents to the plaintiff's application.

In *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* supra, the court determined that the commission could not consider five letters concerning statements and opinions on behalf of the plaintiffs, who opposed the application, because these documents were submitted after the public hearing without the necessary safeguards to the applicants and the public. Again, the common thread is that it is unfair for either the applicants or the opponents to submit *additional evidence* to the commission without giving the other party an opportunity to respond to this additional evidence. These concerns do not exist in the present case. There was no additional evidence submitted to the commission. The report was merely a summary of what transpired at the hearing. In addition, the report was not

submitted by any party, it was submitted by a commission member, who merely expressed his opinion as to whether the plaintiff had properly complied with the regulations in order to determine whether a design review approval could be granted.

Because the commission's concerns about traffic safety are supported by the record, and because the report could be properly considered by the commission, the trial court erred in sustaining the plaintiff's appeal.

There is error, the judgment of the trial court is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.