VITO L. PALMISANO ET AL. *v.* CONSERVATION COMMISSION OF THE TOWN OF OLD LYME ET AL.
(10298)

DALY, FOTI and LAVERY, Js.

544

Argued February 10—decision released May 12, 1992

*John S. Bennet,* for the appellants (plaintiffs).

*James E. Mattern,* for the appellee (named defendant).

FOTI, J. The plaintiffs[1] appeal from the judgment of the trial court dismissing their administrative appeal from the decision of the defendant conservation commission of the town of Old Lyme acting as the local inland wetlands agency.[2] The plaintiffs claim that the trial court improperly held that (1) there was sufficient reason to support the commission's denial of their building application, (2) the commission could rely on its own knowledge and belief rather than the expert testimony presented at the administrative hearings, (3) no evidence was submitted at the hearing to demonstrate that an alternative use of the property was available to the plaintiffs, (4) there were alternative uses of the prop-

---

[1] The plaintiffs are Vito L. Palmisano and Virginia M. Palmisano.

[2] The defendants are the Old Lyme conservation commission, Jessie Smith, the town clerk of Old Lyme, and Leslie Carothers, the commissioner of environmental protection for the state of Connecticut.

erty and, thus, there was no taking of the plaintiffs' property, and (5) the plaintiffs were not deprived of their due process rights. We reverse the judgment of the trial court on the plaintiffs' final claim, and, therefore, find it unnecessary to address the other claims.

The trial court found the following facts. The plaintiffs, having acquired the property by deed in 1965, are the owners of property known as 41 Biscayne Boulevard in Old Lyme. On February 1, 1990, the plaintiffs applied to the commission for permission to build a house and a septic system within the 100 foot regulated area beyond the wetlands boundary as shown on a plan that was on file. No construction was proposed, however, within the actual wetlands. Nearly all of the plaintiffs' property is located within this 100 foot regulated area. The commission held two public hearings on March 27 and April 24, 1990, at which the plaintiffs' application was considered. At some time between the two hearings, some members of the commission visited the site and gathered evidence for themselves. After the second hearing, the commission received a hand drawn map from one of the plaintiffs' neighbors. The map showed the location of an existing well on the neighbor's property and the distance from this well to the proposed septic system on the plaintiffs' property.

The trial court determined that the consideration by the commission of information obtained outside of the record did not deprive the plaintiffs of due process. The trial court accepted the commission's contention that the plaintiffs had an opportunity at the hearings to present their own arguments and evidence regarding the existence and location of the neighbor's well. The commission argued, and the trial court agreed, that the site inspection and the late filing of the map presented no evidence that was distinguishable from the evidence

adduced at the two hearings.[3] The court concluded that because the plaintiffs had the opportunity to learn of and counter the question regarding the location of the neighbor's well, it could not find that any deprivation of due process was involved in what otherwise might have been an inappropriate procedure by the commission. We do not agree.

The record is clear that the commission relied on evidence obtained outside the public hearing to which the plaintiffs were not provided an opportunity to respond. The plaintiffs argue that this evidence is not duplicative of the evidence presented during the hearings. The record reveals that five members of the commission conducted a site inspection of the plaintiffs' property, without first notifying the plaintiffs or providing notice of a meeting of the commission. Thereafter, four of those five members, along with the other members of the commission who had not visited the site, voted to deny the plaintiffs' application. When asked whether it is the custom of the commission to notify the applicant prior to making site inspections, no response was given. Additionally, while the neighbor did testify at the first hearing as to the approximate location of his well, the map submitted after the second hearing indicated its exact location. The map also showed that the proposed site for the plaintiffs' septic tank was approximately sixteen feet from the well.

Although proceedings before administrative agencies such as the defendant are informal and are conducted without regard to the strict rules of evidence, the hearing must be conducted so as not to violate the fundamental rules of natural justice. *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 207, 355 A.2d 21 (1974). "Due process of law requires not only that

---

[3] One member responded: "We didn't notify. We happened to be there." Another member testified that while at the site she "stuck my hand in the dirt and felt a pipe that went to the well. So there was a well there."

there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." *Connecticut Fund for the Environment, Inc.* v. *Stamford,* 192 Conn. 247, 249, 470 A.2d 1214 (1984). To that end, our law holds that commissions cannot consider additional evidence submitted by a party without granting the opponents and the public the opportunity to examine that evidence and to offer evidence in explanation or rebuttal. *Carlson* v. *Fisher,* 18 Conn. App. 488, 503, 558 A.2d 1029 (1989).

Commissions are entitled to receive technical and professional assistance in matters that are beyond their expertise, and this assistance may be rendered in executive session. *Pizzola* v. *Planning & Zoning Commission,* supra, 208. Such assistance cannot be extended, however, to the receipt of ex parte evidence submitted by a party to the controversy without the opposition's knowledge and opportunity for explanation or rebuttal. Id.; *Norooz* v. *Inland Wetlands Agency,* 26 Conn. App. 564, 569–70, 602 A.2d 618 (1992).

Applying the *Pizzola* standard to the present case, we conclude that the record clearly indicates that the commission's receipt of the map was ex parte and, therefore, improper. Once it has been demonstrated that an improper receipt of ex parte evidence has occurred, a rebuttable presumption of prejudice arises with the burden to show no prejudice on those seeking to uphold the validity of the commission's decision. *Blaker* v. *Planning & Zoning Commission,* 212 Conn. 471, 480, 562 A.2d 1093 (1989). The burden now shifts to the commission to prove that no prejudice has resulted from the prohibited ex parte communication. Id., 479. The record does not indicate that the commission rebutted the presumption of prejudice.

The plaintiffs were given the opportunity to inquire of the neighbor as to the location of the well and possibly to present evidence on that point. The plaintiffs were unable, however, to inquire as to the map, to cross-examine its maker or to present evidence to rebut what the map may have indicated. Similarly, with regard to the site inspection, the plaintiffs were given no opportunity to rebut the claimed existence of a well as "found" by a member of the commission when she felt a pipe in the ground. The plaintiffs were afforded no right to accompany the commission members onto the neighbor's property in order to dispute evidence gathered there by the commission, or even to witness the evidence being gathered so as to be given an opportunity to counter that evidence. While the commission is not required to provide an opportunity for rebuttal when it relies on the knowledge and experience of one of its members on nontechnical issues; *Brookfield Plaza Limited Partnership* v. *Zoning Commission,* 21 Conn. App. 489, 493–94, 574 A.2d 825 (1990); this was not a nontechnical issue.

A commission may rely on its personal knowledge. *Feinson* v. *Conservation Commission,* 180 Conn. 421, 427, 429 A.2d 910 (1980). It may also visit sites. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 50, 484 A.2d 483 (1984). It may rely on material nonrecord facts that are within its special knowledge and experience or that it has learned through investigation, but in doing so it must allow an adversely affected party an opportunity to rebut at an appropriate stage in the proceedings. *Feinson* v. *Conservation Commission,* supra, 428–29; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 292–93, 99 A.2d 149 (1953). While a commission may rely on its own expertise within the area of its professional competence; *Briggs* v. *State Employees Retirement Commission,* 210 Conn. 214, 217–18, 554 A.2d 292 (1989); the record in this case does not

indicate that the member who felt a pipe in the ground and determined the existence of a well was anyone other than a lay member of the commission. While a lay member of a commission may rely on personal knowledge concerning matters readily within his or her competence; *Feinson* v. *Conservation Commission,* supra, 427; the location of the well in this case could not be determined by ordinary knowledge and experience.

In making its decision, the commission was obligated to evaluate the sufficiency of the evidence regarding the location of the well. The commission's consideration of improper evidence that could not be rebutted may have been an important fact in the commission's determination. "Reliance on extra-record evidence for important facts demonstrates substantial prejudice." *Connecticut Natural Gas* v. *Public Utilities Control Authority,* 183 Conn. 128, 140, 439 A.2d 282 (1981).

Because we have found that the plaintiffs were deprived of their due process rights, justice and fairness require that the plaintiffs receive a new hearing on their application.

The judgment dismissing the appeal is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

