[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two administrative appeals were both heard during a single hearing by agreement of the parties. The plaintiffs each appeal from decision of the defendant commission granting the application of Lawrence M. Stevens, Jr., for a special permit to operate a permanent sawmill for limited commercial use. The applicant leased a parcel of property located on Cream Hill Road, Cornwall from Victoria C. and Lawrence M. Stevens, Sr., containing about 5 acres. The property is located in a R-3 residence zone. The Cornwall zoning regulations require that an application for a special permit be filed and approved to operate a permanent sawmill for limited commercial use within such a zone. The application in this case was submitted on August 5, 1991. A duly noticed public hearing was held and completed on September 9, 1991. At its regular meeting following the public hearing, the commission voted to table a vote on the application until the next meeting. The minutes of the meeting reflect the commission felt that "[certain] issues raised in the hearing need to be further negotiated with the CT Page 11216 applicant and the final plan has to be correct." The commission also delineated areas in which conditions to any permit would be appropriate. At its meeting on October 15, 1991, the commission voted to approve the special permit. Notice of that decision was published on October 23, 1991 and these appeals were served on defendants on November 5 and 6, 1991.
Based on the stipulations of the parties, the court finds that plaintiffs in docket number 58254, Reddington and Kenny, are statutorily aggrieved. Based on the testimony at the hearing, plaintiffs Toby and Sally DeElge Cole are also statutorily aggrieved. As to docket number 57996, the court finds that plaintiff Ilyana Adams is statutorily aggrieved based on the evidence in the return of record. See Hall v. Planning Commission, 181 Conn. 442, 444 (1980).
Plaintiffs in both cases contend that the defendant commission unlawfully and improperly received evidence after the close of the public hearing. The evidence in question were an amendment to lease and a revised site plan. While proceedings before planning and commissions are informal and need not follow the strict rules of evidence, the proceedings must comport with "fundamental rules of natural justice."
Blaker v. Planning Zoning Commission, 212 Conn. 471, 477
(1989) (citation omitted). A planning and zoning commission cannot properly consider additional evidence that is submitted by an applicant after the public hearing is concluded without affording the public and opponents of the application an "opportunity to cross-examine witnesses, to inspect documents presented and to offer evidence in explanation or rebuttal . . . ." Id. Parties must be given an opportunity to "know the facts on which the commission is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Pizzola v. Planning Zoning Commission, 167 Conn. 202, 207 (1974). See also Palmisano v. Conservation Commission, 27 Conn. App. 543, 547
(1992).
In determining whether the use of material is proper or improper, the court must look to the "content of the information received by the agency outside the confines of the hearing." Nooroz v. Inland Wetlands Agency, 26 Conn. App. 564, 572 (1992) (emphasis in original, citation omitted). The court must determine whether the material "includes or is based on any fact or evidence that was not previously presented at the public CT Page 11217 hearing in the matter." Id. at 574. In this case, the amended lease and the revised site plan do contain important information that was missing from the lease and site plan originally submitted to the defendant commission. While the application contained a parenthetical statement that the leased area is five acres, the amended lease states that the leased property contains 5.319 +/- acres of land. (Compare record item 1 and record item 5). The lease and site plan submitted with the application were silent as to acreage. The issue of the accuracy of the site plan was raised at the public hearing as was the appropriate measurement of the setback from the road and abutting property. The regulations of the defendant commission require that a sawmill be set back 200 feet from property lines. While both the original and revised site plans indicate the setback for the proposed sawmill, the two contain different setbacks. Both total acreage and setbacks are germane to whether the application meets the requirements of the regulations. Here, however, the opponents and the public were not given the opportunity to ask about the revised documents or to cross-examine the makers of them or to rebut what those documents indicate. Palmisano, supra, at 548. While defendants argue that these documents were merely cumulative, see First Hartford Realty Corporation v. Plan Zoning Commission,165 Conn. 533, 545 (1973), the action taken by the commission was largely based on the information contained in them.
Since the court concludes that such evidence was received improperly, a presumption arises that the plaintiffs were prejudiced. Blaker v. Planning Zoning Commission, supra at 480. The defendant commission has not rebutted that presumption. Therefore, the rights of the plaintiffs were prejudiced and their rights to due process violated. The appeals are sustained and the cases remanded to the commission for further proceedings.
Susco, J. CT Page 11218