[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this appeal from the approval by the Town of Glastonbury's zoning authority of an application for a zone change by The LaCava Construction Company, Inc. from Planned Industrial Zone to Residence A Zone.
The proposed residential land use is consistent with the comprehensive plan for the Town.
A public hearing was held on April 14, 1992. At that hearing, the facts upon which the Town Council was asked to act were set forth. It was in all respects a normal and legal public hearing except that one of the nine Council members was not present.
After the close of the public hearing portion of the meeting that evening the eight Council members present addressed questions to Town staff, the applicant's attorney and engineer and discussed comments and expressed their own viewpoints regarding the application. The comments of the eight members revealed that four Council members were inclined to support the application and four council members were inclined to oppose the application. By a vote of 7 to 1 the eight Council members decided that a full nine member council evaluation and final vote on the matter should be had and the matter was tabled and continued to April 28, 1992 so that the missing member (Patricia V. Low, hereafter Low) of the Council would have the opportunity to listen to and view the videotape of the public hearing, review the and participate in the vote on the application.
A meeting of the Town Council was held April 28, 1992 and all members were present. The members discussed the application as well as questions about the application posed by them to and answered by the Town attorney.
In addition, the following occurred, inter alia, at that meeting after the application was taken off the table by and eight to one Council vote.[1]
CT Page 7272
"Mr. Purtill said he thinks it is inappropriate to reopen questioning.
Mrs. Low asked that the maps be put on the wall as she needed clarification of areas she could not view on the tape. She requested that Attorney Alter point out the power lines, explain the green line, discuss lot size, point out cul-de-sacs and tie in to existing roads and asked if there had been any computation of an AA zone. Attorney Alter pointed out the power lines and explained that the wetlands are outlined in green. He said there are 170 lots shown on the concept plan: 49 lots at 15-16,000 sq. feet, 46 lots at 16-20,000 sq. feet; 45 lots at 20-30,000 square feet. 95 of the lots are at areas less than AA, or 55% of the concept plan lots. He said the right-of-ways extend Oxford Drive to the property line and Wesleyan Road to the property line. There is no connection to Bellewoods. No computation of AA was done.
Mr. Purtill asked how many of the parcels listed in the motion do not have signatures on the application.
Attorney Alter said there are no signatures for the 7.8 acre CLP parcel (E-17A) and Pawsey's property (E-25), which has a residence on it. LaCava owns all but 15.3 acres and has the consent and participation of current owners of property. Mr. LaCava does not have written consent from CLP but has had discussion with CLP personnel. They could not make a policy decision to sign the zone change application in reasonable time but they have received approximately six notices. Any party can file for a zone change. The owner must have notice.
Mr. Leslie said he met with Mr. Pawsey last week. Based on his opinion of their conservation, (sic) Mr. Pawsey is neutral and likes his property as it is now. It would not be desirable to keep a sliver parcel on the east side of the road in a comprehensive rezoning.
Attorney Alter said he originally did not include that parcel but Mr. Leslie asked him to include it so there would be a comprehensive plan for the area.
Attorney Alter said the process the applicant went through CT Page 7273 was done on the basis of performance zoning and he would request the zoning authority to reflect and act on that application. The applicant stands by his proposal for Residence A Zone based on the concept for performance zoning."
No opponent or member of the public had any opportunity to question, rebut or explain any statement or argument of applicant's attorney.
Upon appeal, plaintiffs make the following arguments:
I. That there is no evidence in the record that a copy of the proposed zone change was filed with the Town Clerk in accordance with the requirements of C.G.S. 8-3 (a) and that is a jurisdictional defect which renders the Council's approval void.
II. The Council erred in allowing the applicant to present additional information and to participate in procedural discussions following the close of the public hearing.
III. Low was alleged to have political ties to the applicant's attorney and that constituted a conflict of interest in violation of C.G.S. 8-11.
IV. The Council failed to comply with C.G.S. 8-3a
in that it failed to state on the record its finding that the proposed zone change was consistent with the Plan of Development.
Law
I. Filing Under C.G.S. 8-3 (a)
The zone change application was filed in the town clerk's office and in the Office of Community Development.
II. April 28, 1992 Meeting Information
In order to consider this issue the court must address three specific factual areas. First, were any new facts presented to the Council? Second, were any of the CT Page 7274 statements, arguments or clarifications made by the applicant's attorney of such moment that the lack of opportunity for a response from or a questioning by the opponents of the application or the public would be unfair? And third, did any member of the Council actually consider either any new facts presented or any significant statement, argument or clarification not presented at the public hearing?
New facts were presented about right of way extensions; signatures in regard to two pieces of property; La Cava's ownership of some land; "consent and participation of current owners of other land; discussion with CLP personnel and Mr. Pawsey's thoughts. These facts might have brought questions or rebuttal from opponents or a member of the public. The court cannot recognize a discussion of any of them at the public hearing.
Attorney Alter made statements about why a parcel was included. This was not a significant statement.
Because Low requested clarification from Attorney Atler and that he point out and explain various points the court must assume she listened to the answers.
Neither Low nor any member of the Council may "properly consider any additional evidence submitted by the applicant after the public hearing without providing the necessary safeguards guaranteed to the opponents of the application and to the public." Pizzola v. Planning and Zoning Commission, 167 Conn. 202, 207.[2]
"Once it has been demonstrated that an improper receipt of evidence has occurred, a rebuttable presumption of pre judice arises with the burden to show no pre judice on those seeking to uphold the validity of the [Council] decisions." Palmisano v. Conservation Commission, 27 Conn. App. 543,547. Defendants' have not rebutted that presumption.
III. Conflict of Interest
The plaintiffs have failed to prove any relationship between council member Patricia V. Low and the applicant or any of its attorneys, agents, servants, or CT Page 7275 employees which would give an appearance of impropriety to objective observers.
IV. Compliance with C.G.S. 8-3
The Town of Glastonbury Plan and Zoning Commission is a planning commission under C.G.S. Chap. 126. In its report of March 3, 1992 it specifically found that the proposed "Change of Zone from Planning Industrial to Residence A Zone is in conformance with the Plan of Development Town of Glastonbury, Connecticut 1984" (Underlining in original). That is compliance with C.G.S.8-3a. The transcript of the public hearing of April 14, 1992 not only supports that finding but proves that that finding was publicly read at that public meeting. This conforms with the requirements of C.G.S. 8-3a(b).
In accordance with II above the court finds after an independent search of the record that the town council acted illegally, arbitrarily and in abuse of its discretion.
Appeal sustained.
O'NEILL, J.