[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Faith Tabernacle Church, Inc., appeals from the decision of the East Windsor Zoning Board of Appeals (ZBA) denying its request to maintain two trailers in a residential area, in alleged violation of § 2.1 (Use of buildings, structures and land), § 5.1.14 (Trailer and Trailer Parks), and § 13.1 (Permit) of the East Windsor Zoning Regulations. Plaintiff raises two issues on appeal: first, that the ZBA accepted and relied upon evidence submitted after the public hearing was closed; and second, that the ZBA made no finding regarding hardship when denying the application for a variance.
Faith Tabernacle Church owns a piece of property at 329 Scantic Road, in East Windsor, in an area zoned for residential use. On the property is a church building and two residential trailers. The trailers have provided housing for the church's pastors, Ralph and Kevin Saunders, and their families for approximately the past ten years. In September or October, 1993, Connecticut Light and Power shut off the power to the property, and requested approval from the Town of East Windsor to return power to the trailers. As a result of this request, Jose Giner, the Town Planner and Zoning Enforcement Officer, investigated the permits on file for this property and found that the trailers had not been issued building, zoning or health permits. Accordingly, he issued a cease and desist order. On December 3, 1993, the plaintiff appealed the cease and desist order and also filed an CT Page 4841 application for a variance from the regulation prohibiting trailers in residential areas.
The two matters were considered at a public hearing conducted by the ZBA on January 3, 1994. Plaintiff claimed that at the time the trailers were placed on the property the then Building Inspector, Hal Mikkelsen, had given oral approval for the use of the trailer as the pastor's residence. The plaintiff also stated that on several occasions since then the Town of East Windsor had inspected the electrical and sewage hookups, and that Jose Giner, Mr. Mikkelsen's successor, was well aware of the trailers presence. Plaintiff also had 35 supporters present, most of whom testified that the presence of the trailers and the two families was not harmful to the neighborhood. A petition signed by a majority of the abutting landowners indicated that there was no neighborhood opposition to the plaintiff remaining in the trailers. No one spoke in opposition.
The hearing was closed, and the appeal from the cease and desist order and the variance application were tabled pending further investigation. Apparently in response to a request from the ZBA for additional information, Mr. Giner spoke to Mr. Mikkelsen to determine whether Mr. Mikkelsen had approved the trailers' use as a residence and to further determine whether any permits had been issued for that use. On March 7, 1994, Mr. Giner submitted a memo to the ZBA describing the results of his investigation. The memo confirmed that no permits had been issued by the North Central District Health Department or the town Building Department. The memo also reported that Hal Mikkelsen, whom plaintiff claims had originally given permission for the trailers, acknowledged that he had given the Church permission to site the trailer, but only temporarily to provide security during a construction period. This memo was faxed to the plaintiff's attorney on March 7 and it was discussed at the Board meeting that evening. Because the hearing was closed the results of Mr. Giner's investigation were not presented as evidence, but rather were reported to the Board.
On April 4, 1994, the ZBA voted to uphold the cease and desist orders, and to deny the application for the variance. Plaintiff then appealed both decisions to this court. As the owner of the property that was the subject of the Board's action, the plaintiff is aggrieved as defined in General Statutes 8-8(a)(1).Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991); Bossert CorporationCT Page 4842v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968).
 I.
The plaintiff first claims that the post-hearing memo from Jose Giner to the ZBA constituted improper extra-record evidence. Plaintiff's claim actually raises two issues. The first is whether the post-hearing memo constituted improper extra-record evidence. The second is whether, assuming it was extra-record evidence, the receipt of it prejudiced the plaintiff.
The law concerning the use of extra-record information was recently rearticulated by the Appellate Court in Norooz v. InlandWetlands Agency, 26 Conn. App. 564, 602 A.2d 613 (1992). "Our law clearly prohibits the use of information by a municipal agency that has been supplied to it by a party to a contested hearing on an ex parte basis." Id. at 569. This includes technical and professional assistance to which a municipal administrative agency is entitled. There are, however, exceptions to this general rule. Extra-record information has been allowed in cases where it was shown that it had no effect on the agency's decision. This is a factual question, and the analysis must turn on the nature and content of the extra-record information." Id.
at 573. Citing their decision in Brookfield Plaza LimitedPartnership v. Zoning Commission, 21 Conn. App. 489, 495,57 A.2d 825 (1990), the Court said that the "common thread" in the cases granting exceptions is that "it is unfair for either the applicants or the opponents to submit additional evidence to the [agency] without giving the other party an opportunity to respond to this additional evidence." (Emphasis in original.) Norooz,supra, 26 Conn. App. at 573, 602 A.2d 613. "The proper inquiry for a reviewing court, when confronted with an administrative agency's reliance on nonrecord information provided by its technical or professional experts, is a determination of whether the challenged material includes or is based on any fact or evidence that was not previously presented at the public hearing in the matter." Id. at 573-74.
Though not literally a party to the dispute, as the moving force behind the issuance of the cease and desist order and as its principal defender on appeal to the ZBA, the Zoning Enforcement Officer under the circumstances of this case, takes on the appearance and role of a party. It was Mr. Giner who initially issued the cease and desist order. On appeal to the ZBA, Mr. Giner defended and justified its issuance and addressed CT Page 4843 the factual basis of the plaintiff's appeal. Thus, while a ZEO such as Mr. Giner may serve the ZBA in a purely administrative capacity as staff to the Board, that role blurs when the ZEO's decision is the very matter that is challenged on appeal. Indeed, the legislature has explicitly prohibited a ZEO from sitting on the ZBA because of the obvious conflict that arises. C.G.S. § 8-11a.
Of equal importance, however, is the nature and effect of the information that Mr. Giner presented ex parte to the ZBA. As previously noted, the plaintiff's central claim before the ZBA was that the previous ZEO, Hal Mikkelsen, orally approved the plaintiff's use of the trailers. The plaintiff in effect argued that the ZEO was estopped from claiming a violation of the zoning ordinance by virtue of Mr. Mikkelsen's prior oral approval of the use of the trailer. In response to this claim, Mr. Giner interviewed Mr. Mikkelsen who denied he had authorized the plaintiff to occupy the trailer except on a temporary basis. Mr. Giner then presented Mr. Mikkelsen's denial — which directly contradicted plaintiff's assertion — to the ZBA after the close of evidence. Accordingly, the plaintiff did not have the opportunity to either confront or rebut Mr. Mikkelsen or Mr. Giner on a matter that went directly to the central issue in its appeal to the ZBA.
Under these circumstances it was improper for Mr. Giner to present extra-record information to the ZBA after the close of the hearing because the information presented by him was material to the principal issue in dispute, and not subject to examination or rebuttal by the plaintiff.
 II.
The next inquiry, under Norooz v. Inland Wetlands Agency, supra, is whether the extra-record information was prejudicial to the plaintiff. In order to properly evaluate the issue of prejudice it is necessary to consider the extra-record evidence in the context of the plaintiff's legal claim. Though perhaps not fully phrased in plaintiff's brief, we understand the plaintiff to have raised a claim of municipal estoppel.
The law of equitable estoppel as applied to municipalities in the enforcement of zoning laws is well established. A municipality may be estopped from enforcing its zoning regulations. Generally, estoppel requires proof of two essential CT Page 4844 elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. Dornfried v. OctoberTwenty-Four, Inc., 230 Conn. 622, 635, 646 A.2d 772, 777 (1994). Estoppel against municipalities is . . . limited and may be invoked against the enforcement of zoning regulations (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. Id. at 635-36. The defendants bear a substantial burden of proof in asserting the defense of municipal estoppel. West Hartford v.Rechel, 190 Conn. 114, 122, 459 A.2d 1015 (1983).
The central issue in dispute in this matter is the second prong of the Dornfried test: whether the plaintiff's violation of the zoning regulations was induced by Mr. Mikkelsen's alleged granting of permission to use the trailers as a residence. It is clear that Mr. Mikkelsen's recollection of his conversation with Mr. Saunders is critical to this determination. Accordingly, the defendant's ex parte receipt of this information, after the close of the hearing, substantially prejudiced the plaintiff's right to a fair and impartial hearing. Because we cannot conclude that the defendant's consideration of Mr. Mikkelsen's statements to Mr. Giner did not affect the Board's decision, the plaintiff's appeal is sustained and the matter is remanded to the Zoning Board of Appeals.
SO ORDERED.
Robert L. Holzberg, J.