BENITA BRYAN *v.* SHERATON-HARTFORD
HOTEL ET AL.
(AC 19615)

Landau, Schaller and Callahan, Js.,

Argued September 25, 2000—officially released April 17, 2001

*Diane D. Duhamel*, for the appellants (defendants).

*James P. Connolly*, for the appellee (plaintiff).

*Opinion*

CALLAHAN, J. The defendants, the Sheraton-Hartford Hotel and the Insurance Company of North America, appeal from the decision of the compensation review board (board) affirming an award by the workers' compensation commissioner for the first district (commissioner) to the plaintiff, Benita Bryan, which attributed a 10 percent permanent impairment of her left shoulder to an injury incurred while she was working for the defendant Sheraton-Hartford Hotel. On appeal, the defendants claim that (1) the board improperly affirmed the commissioner's decision because the record lacks evidence supporting the award and (2) the commissioner and, in turn, the board, violated the defendants' due process rights to be heard and to pres-

ent evidence. We agree with the defendants and reverse the decision of the board.[1]

The following undisputed facts are relevant to this appeal.[2] On or about December 23, 1989, while employed by the defendant Sheraton-Hartford Hotel, the plaintiff fell at work and suffered compensable lower back injuries.[3] As a result, from 1989 through 1991, she received various temporary total and partial disability benefits. Subsequently, the parties entered into a voluntary agreement regarding the plaintiff's work-related injury, which the commissioner approved on February 18, 1992. The voluntary agreement stipulated that the plaintiff's December 23, 1989 fall resulted in a 7.25 percent permanent partial disability to her lower back. There was no reference to any disability of her left shoulder in the stipulation.

After the parties entered into the voluntary agreement, the plaintiff allegedly began to suffer from additional medical problems, including pain in her left shoulder. Claiming that those additional infirmities resulted from her December 23, 1989 fall at work, and thus should be accounted for in the amount of her disability benefits, the plaintiff sought a formal hearing before the commissioner.

[1] General Statutes § 31-301b provides in relevant part: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

[2] The plaintiff concurs with defendants' recitation of the facts.

[3] The plaintiff received disability benefits pursuant to General Statutes (Rev. to 1989) § 31-308 (a), which provides in relevant part that "[i]f any injury for which compensation is provided under the provisions of this chapter results in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury and the amount he is able to earn after such injury . . . . [Compensation] shall continue during the period of partial incapacity but no longer than seven hundred and eighty weeks. . . ."

A hearing addressing the plaintiff's claims was held on June 21, 1995. At the hearing, one of her treating physicians testified that certain gynecological and gastrointestinal disorders alleged by the plaintiff were unrelated to her fall at work. Further, the defendants submitted several medical reports from the plaintiff's treating orthopedist, Steven E. Selden. Selden's several reports, which were dated as late as April, 1994, stated that the plaintiff's left shoulder injury was not a result of her fall at work on December 23, 1989. Rather, it was his opinion that her left shoulder injury was attributable to a fall that had occurred in December, 1993, or to two separate automobile accidents in which she was involved, those having occurred in March, 1989, and September, 1991.

The commissioner dismissed the plaintiff's case on March 28, 1996, finding that her gynecological, gastrointestinal problems and her left shoulder injury were unrelated to her December 23, 1989 work-related fall. The commissioner specifically concluded that the plaintiff had failed to "sustain her burden of proof that her shoulder complaints are related to the December 23, 1989 work-related injury . . . ."

On December 16, 1996, the plaintiff appealed to the board from the commissioner's decision and filed a motion to submit additional evidence. Specifically, the plaintiff sought to submit a medical report from Selden, dated April 12, 1996, and a report dated November 25, 1996, from another physician, Susan Levine, who had treated the plaintiff for chronic fatigue syndrome. Selden's medical report of April 12, 1996 stated: "Patient had previously been assigned a 12% permanency to her left shoulder. Patient's records are currently in storage. Ten percent of the patient's permanency should be considered attributable to her Workmans' Compensation injury of December, 1989."

On March 12, 1997, the board denied the plaintiff's motion as to Levine's report,[4] but permitted her to submit Selden's report because it contradicted the commissioner's previous finding concerning the plaintiff's left shoulder. In granting, in part, the plaintiff's motion, the board stated: "We, therefore, grant the [plaintiff's] motion to submit additional evidence limited to the report from Dr. Selden dated April 12, 1996, and remand this matter to the trial commissioner."

At the hearing on the remand, the defendants introduced an additional report from Selden, dated April 11, 1997, to rebut his report of April 12, 1996. In his 1997 report, Selden rescinded the opinion expressed in his 1996 report. His April 11, 1997 report stated: "I am sorry for any confusion my reports may have caused. . . . A careful review of my records indicates that there was an injury when [the plaintiff] fell in December, 1993. I am attributing her left shoulder impairment to that fall. . . . I had not previously assigned any permanency of her shoulder to the December 23, 1989 injury. My records of April 12, 1996, are in error when I assigned a portion of that permanency to the December, 1989 accident. Her records had been in storage, and I had not been able to fully review the situation when I prepared that report and I apologize."

On November 13, 1997, the commissioner nevertheless entered a finding and award in favor of the plaintiff and concluded that "the [plaintiff] . . . injured her left shoulder in a December, 1989, accident which . . . arose out of and in the course of her employment at the [defendant] Sheraton-Hartford Hotel . . . [and consequently] sustained . . . a 10 percent permanent partial disability to the left shoulder." The commissioner ordered the defendants to pay to the plaintiff

---

[4] The plaintiff did not appeal from the board's denial of her motion to submit Levine's report.

29.1 weeks of compensation at her basic compensation rate representing 10 percent permanency to the left nonmaster shoulder. Declining to consider Selden's April 11, 1997 report, the commissioner stated that "[a]lthough the parties seek to have the undersigned consider other evidence which may have some bearing on Dr. Selden's report of April 12, 1996, the remand of the [board] is clear and unequivocal. The remand specifically restricts the consideration of evidence to that [April 12, 1996] report of Dr. Selden . . . . The undersigned will not permit this trial to be expanded beyond the limits as set forth by the [board's] remand."

The defendants appealed to the board from the commissioner's finding and award pursuant to General Statutes (Rev. to 1989) § 31-301 (a).[5] On May 7, 1999, the board affirmed the commissioner's finding and award, and concluded that the commissioner properly considered the 1996 report from Selden in light of all of the prior evidence in the record. The board further concluded that the commissioner appropriately had refused to consider Selden's 1997 report because the report was only cumulative of evidence already on the record. This appeal followed.

On appeal, the defendants claim that the board improperly affirmed the commissioner's findings because the commissioner's decision lacks sufficient evidence to support its conclusion. Further, the defendants claim that the board improperly affirmed the commissioner's decision because the commissioner's refusal to consider Selden's 1997 report, which was offered to rebut the plaintiff's evidence, violated the defendants' due process rights to be heard and to present evidence. We agree.

---

[5] General Statutes (Rev. to 1989) § 31-301 (a) provides in relevant part: "At any time within ten days after entry of such award by the commissioner . . . either party may appeal therefrom to the compensation review [board] . . . ."

Our standard of review for workers' compensation decisions is well established. The commissioner is the sole trier of fact and "[t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Hebert* v. *RWA, Inc.*, 48 Conn. App. 449, 452, 709 A.2d 1149, cert. denied, 246 Conn. 901, 717 A.2d 239 (1998), quoting *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989). "The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts." (Internal quotation marks omitted.) *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 776, 712 A.2d 436 (1998), quoting *Fair* v. *People's Savings Bank*, 207 Conn. 535, 538–39, 542 A.2d 1118 (1988). On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award. *Mulroy* v. *Becton Dickinson Co.*, supra, 777. " 'Our scope of review of [the] actions of the [board] is . . . limited. . . . [However,] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed.' " *Knapp* v. *New London*, 44 Conn. App. 465, 468, 691 A.2d 11 (1997), quoting *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994).

After reviewing the record, we conclude that the board's affirmation of the commissioner's decision is incorrect in law and improperly includes facts found without evidence. Our conclusion that the board improperly upheld the commissioner's decision is based primarily on our disposition of the defendants' due process claim. We therefore address that claim first.

Administrative hearings, including those held before workers' compensation commissioners, are informal and governed without necessarily adhering to the rules of evidence or procedure. *LaPia* v. *Stratford*, 47 Conn. App. 391, 400, 706 A.2d 11 (1997). Nonetheless, administrative hearings must be conducted in a fundamentally fair manner so as not to violate the rules of due process. *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 542, 525 A.2d 940 (1987). A fundamental principle of due process is that each party has the right to receive notice of a hearing, and the opportunity to be heard at a meaningful time and in a meaningful manner. *Harkless* v. *Rowe*, 232 Conn. 599, 627, 657 A.2d 562 (1995). "Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." *Huck* v. *Inland Wetlands & Watercourses Agency*, supra, 536; see *Simmons* v. *Bonhotel*, 40 Conn. App. 278, 287, 670 A.2d 874 (1996). Further, procedural due process mandates that the commissioner "cannot consider additional evidence submitted by a party without granting the opponents . . . the opportunity to examine that evidence and to offer evidence in explanation or rebuttal." *Palmisano* v. *Conservation Commission*, 27 Conn. App. 543, 547, 608 A.2d 100 (1992).

In the present case, the commissioner explicitly declined to consider Selden's report of April 11, 1997, which the defendants had offered to rebut Selden's apparently mistaken April 12, 1996 report. Interpreting the board's remand as restricting the evidence that could be considered, the commissioner wholly disregarded Selden's April 11, 1997 report. By so interpreting the remand, the commissioner effectively deprived the defendants of their due process rights to offer evidence

in rebuttal and be heard in a meaningful manner. See id., 547.

Under fundamental due process principles, the defendants possessed the right to present evidence in response to Selden's mistaken 1996 report. See *Carlson* v. *Fisher*, 18 Conn. App. 488, 503, 558 A.2d 1029 (1989). Although the commissioner permitted Selden's April 11, 1997 report to be marked as a full exhibit, its admission was meaningless because the commissioner refused to consider it. See id. By considering only Selden's April 12, 1996 report and refusing to consider Selden's April 11, 1997 report, which the defendants had proffered in rebuttal, the commissioner rendered the admission of the April 11, 1997 report a nullity and prevented the defendants from being heard on the pivotal issue in the case. See *Palmisano* v. *Conservation Commission*, supra, 27 Conn. App. 548.

An integral premise of due process is that a matter cannot be properly adjudicated "unless the parties have been given a reasonable opportunity to be heard on the issues involved . . . ." (Citations omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205, 658 A.2d 559 (1995). The defendants were not heard at all on the defining question. We conclude, therefore, that the commissioner violated the defendants' due process rights.

In affirming the commissioner's decision, the board determined that the commissioner's refusal to consider Selden's April 11, 1997 report was harmless and was within his discretion because, the board determined, Selden's 1997 report was simply cumulative of evidence already on the record. On appeal, the plaintiff also contends that Selden's April 11, 1997 report was cumulative. We disagree.

Selden's April 11, 1997 report does not merely restate the information already on the record from the original hearing, namely that the plaintiff's shoulder injury did not result from her work-related fall in 1989. The defendants, rather, submitted Selden's April 11, 1997 report to demonstrate that Selden erroneously had drafted his earlier report of April 12, 1996 that mistakenly had attributed the plaintiff's shoulder injury to her work-related fall.

Evidence that could affect or change the outcome of a decision, and does not simply restate information already before the commissioner, is not deemed cumulative and should be admitted. Cf. *Tutsky* v. *YMCA of Greenwich*, 28 Conn. App. 536, 545, 612 A.2d 1222 (1992). Had the commissioner considered Selden's 1997 report, it is highly probable that he would not have ruled for the plaintiff or relied on Selden's report of April 12, 1996.

We conclude, therefore, that the commissioner's refusal to consider Selden's April 11, 1997 report and the board's subsequent affirmation of that refusal violated the defendants' due process rights. Ordinarily, we would send this matter back to the board with instruction to remand it to the commissioner for consideration of Selden's April 11, 1997 report. In this instance, however, the record before us is the same as the record the commissioner would consider, and the evidence allows only one conclusion. Because of that, for reasons of judicial economy, we have decided to determine the effect of Selden's April 11, 1997 report ourselves. See *Almeida* v. *Liberty Mutual Ins. Co.*, 234 Conn. 817, 826, 663 A.2d 382 (1995).

To start, we note that the commissioner's ruling, which is the subject of this appeal, was made on remand from the board directing the commissioner to consider Selden's April 12, 1996 report as new evidence that

might change the commissioner's March 28, 1996 finding that the plaintiff's shoulder injury was unrelated to the December 23, 1989 work-related injury. As the evidence that we earlier held should have been considered by the commissioner (i.e., the April 11, 1997 report) was a recantation of the allegedly new evidence (i.e., the April 12, 1996 report), we determine that if the commissioner, on remand had considered Selden's April 11, 1997 report, the commissioner would have had no choice but to reaffirm his March 28, 1996 finding that the shoulder injury was unrelated to the work injury. We therefore conclude that the March 28, 1996 finding and award should be reinstated.

The decision of the compensation review board is reversed and the case is remanded to the board with direction (1) to vacate the commissioner's November 13, 1997 finding and award, thereby reinstating the commissioner's March 28, 1996 finding and award, and (2) to resume proceedings on Case No. 3320 CRB-1-96-4, the plaintiff's appeal from the March 28, 1996 finding and award.

In this opinion the other judges concurred.